# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| JAMES WHEELER, on behalf of himself and all others similarly situated, | Case No. 19-CV-2715 (NEB/LIB) |
| Plaintiff, | ORDER ON MOTION TO DISMISS |
| v. | |
| SUBARU OF AMERICA, INC., | |
| Defendant. | |

Plaintiff James Wheeler brings this suit against Subaru of America, Inc. ("Subaru"), alleging that Subaru is in breach of its express warranty for failing to fix defective paint on 2018–2019 Subaru Crosstrek vehicles ("Crosstrek"). Subaru moved to dismiss, arguing that Wheeler failed to give pre-suit notice and that the warranty does not provide coverage for paint in any event. (ECF No. 25.) The Court dismisses the suit without prejudice because Wheeler failed to allege adequate pre-suit notice.

## BACKGROUND

The Court draws the following facts from the amended complaint, (ECF No. 17 ("Compl.")), and the warranty, (ECF No. 28-1 ("Warranty")).[1]

---

[1] Subaru attached the Warranty as an exhibit to its motion and Wheeler did not object to the Court's consideration of it. *See Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007) (considering documents incorporated into the complaint by reference and matters of which a court may take judicial notice).

Wheeler bought his new Crosstrek from R&G Subaru ("R&G"), an authorized dealer of Subaru, in July 2018. (Compl. ¶¶ 17, 18.) The Crosstrek came with a limited warranty, which "covers any repairs needed to correct defects in the material or workmanship reported during the applicable warranty period and which occur under normal use." (*Id.* ¶ 10.) The warranty period is 3 years or 36,000 miles, whichever comes first. (*Id.* ¶ 9.)

Within a year of purchasing the Crosstrek, Wheeler noticed several "unusual paint chips" on it. (*Id.* ¶ 24.) He took the Crosstrek to R&G and bought touch-up paint. (*Id.* ¶ 25.) Since then, Wheeler has noticed additional unusual paint chips on the vehicle. (*Id.* ¶ 26–27.) In June 2019, he submitted a complaint through R&G's online portal, asking if R&G or Subaru could fix the problem. (*Id.* ¶ 28.) A few days later he emailed an owner of R&G, asking if the paint chips would be covered under the Warranty. He never received a response. (*Id.* ¶¶ 30–31.) Then, at R&G's request, Wheeler brought the Crosstrek in for inspection. (*Id.* ¶¶ 32–33.) At the inspection, R&G employees determined the chipping was "normal" and suggested that Wheeler buy a paint protection film. (*Id.* ¶¶ 34–37.) The Complaint alleges that Subaru and R&G "did not honor the warranty." (*Id.* ¶ 41.)

Wheeler then brought this suit, asserting that the failure to repair the paint chips was a breach of warranty in violation of state and federal law. He alleges a putative class action on behalf of a class of other Crosstrek owners, contending that the paint chips are

2

the result of a defect in the material and workmanship and not a result of normal wear and tear or normal deterioration or fading of paint.

## LEGAL STANDARD

To survive a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the complaint "must contain 'enough facts to state a claim to relief that is plausible on its face.'" *Horras v. Am. Capital Strategies, Ltd.*, 729 F.3d 798, 801 (8th Cir. 2013) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). At this stage in the litigation, this Court must accept as true all factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor. *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 591 (8th Cir. 2009). Factual allegations in the complaint must be sufficient to "raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555 (citation omitted).

## ANALYSIS

**I. Breach of Express Warranty**

To state a claim for breach of express warranty under Minnesota law, the Complaint must allege "the existence of a warranty, a breach, and a causal link between the breach and the alleged harm." *Sipe v. Workhorse Custom Chassis, LLC*, 572 F.3d 525, 530 (8th Cir. 2009) (quoting *Peterson v. Bendix Home Sys., Inc.*, 318 N.W.2d 50, 52–53 (Minn. 1982)). A warranty is a creature of contract law and is subject to the same principles of

3

interpretation. *Kia Motors Am., Inc. v. Autoworks Distrib.*, 06-CV-156 (DWF/JJG), 2009 WL 499543, at *4 (D. Minn. Feb. 26, 2009). Subaru argues that this claim must be dismissed because the Complaint fails to allege (1) a cognizable breach of warranty, or (2) adequate pre-suit notice. Because the second issue is dispositive, the Court addresses it first.

Under Minnesota law, for Wheeler to bring his breach of warranty claim, he must "notify the seller of breach or be barred from any remedy." Minn. Stat. § 336.2-607(3)(a). Subaru argues that Wheeler's discussions with R&G are insufficient notice because (1) they did not provide notice to Subaru (as opposed to R&G) of the alleged breach and (2) the contents of the notice were deficient under the law.

Wheeler responds that under *Church of the Nativity of Our Lord v. WatPro, Inc.*, notice to the immediate seller is enough to satisfy the notice requirement. 474 N.W.2d 605, 610 (Minn. 1991). In *WatPro*, the Minnesota Supreme Court considered the pre-suit notice requirement of a breach of warranty claim and determined it "requires notice only to a buyer's immediate seller and not to other sellers in the chain of distribution." *Id.* The court noted that the interests of remote sellers (including the manufacturer) will be served by this rule, because the immediate seller can be expected to notify the manufacturer. *Id.* Assuming without deciding that notice to R&G equals notice to Subaru under *WatPro*, the Court nonetheless finds the content of Wheeler's communications with R&G are insufficient under the law.

Notice suffices as long as it "let[s] the seller know that the transaction is still troublesome and must be watched." Minn. Stat. § 336.2-607(3)(a), U.C.C. cmt. 4.; *see Drobnak v. Andersen Corp.*, 561 F.3d 778, 784 (8th Cir. 2009) (indicating that Minnesota incorporated the U.C.C. comments when adopting Minn. Stat. § 336.2-607(3)(a)). "The bar for sufficiency is low, but notice is nevertheless important because it 'informs the seller that the transaction is claimed to involve a breach, and thus opens the way for normal settlement through negotiation." *Drobnak*, 561 F.3d at 784 (quoting Minn. Stat. § 336.2-607(3)(a), U.C.C. cmt. 4). Minnesota courts have required this notice to be provided before the plaintiff brings the suit (*i.e.*, pre-suit notice). *See id. at 784–85*.

Wheeler argues he provided sufficient pre-suit notice because he emailed the owner of R&G asking if the paint chips would be covered under the Warranty and then brought the Crosstrek into the shop for inspection. (*See* Compl. ¶¶ 30, 32–33.) This is insufficient to "let[] the seller know that the transaction is *still* troublesome and must be watched." *Drobnak*, 561 F.3d at 784 (emphasis added) (quoting Minn. Stat. § 336.2-607(3)(a), U.C.C. cmt. 4). Wheeler's argument that he provided notice appears to conflate notice of the paint chipping with notice of the breach. "The notice 'of the breach' required is not of the facts, which the seller presumably knows quite as well as, if not better than, the buyer, but of the buyer's claim that they constitute a breach." *Id.* at 785 (citation omitted). The Complaint provides no information about what Wheeler did to put R&G or Subaru on notice that the transaction was still troublesome after R&G Subaru inspected

5

the Crosstrek and suggested the damage was caused by rocks. At all times, Wheeler's complaint to R&G appeared to be about the paint chips, not about a refusal to cover the repair under warranty. Without more, the only inference the Court can draw is that Wheeler left R&G unhappy that the paint chips were not covered by the Warranty, not that he believed R&G or Subaru was in breach of the Warranty. The Complaint contains no allegation that he communicated to anyone that he believed Subaru was in breach of its Warranty, or even that he communicated he believed the paint chips were covered by the Warranty. It simply contains an allegation that he *asked* whether the paint chips were covered. The distinction is a critical one. Unspoken dissatisfaction with an answer about warranty coverage does not meet the *Drobnak* standard.[2]

Wheeler's notice to R&G that he was dissatisfied with the paint chipping issue does not serve the purposes of the notice requirement. Under Minnesota law, the Court determines if notice is sufficient on a case-by-case basis, and looks at the purposes of the notice requirement to inform its decision. The notice requirements serves three purposes: "(1) notice provides the seller an opportunity to correct any defect; (2) notice affords the seller an opportunity to prepare for negotiation and litigation; and (3) notice provides the

---

[2] Other courts have reached the same conclusion that a consumer's "present dissatisfaction" with the allegedly defective product does not provide sufficient notice of a breach of warranty claim. *See, e.g., Agway, Inc. v. Teitscheid*, 472 A.2d 1250, 1252–53 (Vt. 1984).

seller an opportunity to investigate the claims independently while the products remain in a relatively pristine state." *Drobnak*, 561 F.3d at 784–85.

Whether the first and third purposes are met in this case is debatable. But there is no question the second purpose has not been fulfilled. Subaru had no opportunity to prepare for negotiation and litigation, and this is fatal to Wheeler's claim. Wheeler's complaint about the paint chips did not "open[] the way for normal settlement through negotiation." Minn. Stat. § 336.2-607(3)(a), U.C.C. cmt. 4. Based on the allegations in the Complaint, Wheeler did not notify Subaru and R&G that he viewed the transaction as still troublesome, and they had no notice that they should be engaged in negotiations with Wheeler to avoid a possible suit or to otherwise remedy his concerns. Indeed, they had no notice that Wheeler believed the paint chips were covered by the Warranty, or that he was dissatisfied with the answer he received when he asked.

If the Court were to conclude otherwise—that Wheeler's expression of dissatisfaction was sufficient—it would follow that every vehicle customer who learns that there is no warranty coverage for a vehicle issue would be entitled to sue under the U.C.C. without further discussion with the dealer or manufacturer. The "bar for sufficiency [of pre-suit notice] is low." *Drobnak*, 561 F.3d at 784. But the communications must provide some notice that there is a warranty issue, not just a vehicle issue; in other words, that the "transaction is still troublesome and must be watched." *Id.* (quoting Minn.

7

Stat. § 336.2-607, U.C.C. cmt. 4). Because the Complaint fails to allege notice to that effect, Wheeler's claim for breach of warranty must be dismissed.[3]

The parties also make various arguments about the warranty language, and whether it covers the paint chips on the Crosstrek. Because of the failure to give adequate pre-suit notice, the Court need not, and does not, reach these arguments.

## II. Private Attorney General Statute

Wheeler also brought his breach of warranty claim under Minn. Stat. § 325G.19 through the Consumer Fraud Act, Minn. Stat. § 325F.69. For an individual to bring a claim under the Consumer Fraud Act, he or she must demonstrate it can be brought under the Private Attorney General Statute, Minn. Stat. § 8.31 subd. 3a, which "applies only to claimants who demonstrate that their claims benefit the public." *Collins v. Minn. Sch. of Bus., Inc.*, 655 N.W.2d 320, 329 (Minn. 2003). Subaru argues that this claim must be dismissed because it is based on the same underlying facts as the breach of warranty claim, and Wheeler failed to plead adequate pre-suit notice. Wheeler concedes that pre-

---

[3] The Court would reach the same result if it applied the reasoning of *Podpeskar* v. *Makita U.S.A., Inc.*, 247 F. Supp. 3d 1001 (D. Minn. 2017). In *Podpeskar*, the court found the plaintiff had provided adequate notice to avoid a motion to dismiss when the complaint alleged that the plaintiff and defendant discussed the warranty and the defendant denied the warranty claim. *Id*. at 1006–07. The Court concluded that the plaintiff was not required to "specifically state that there was a breach of warranty to satisfy the notice requirement" after the defendant told him "it would not solve his problem." *Id.* Here, Wheeler has not alleged any specific conversations that he had about the Warranty with anyone. Although the Court can infer that there must have been some discussion, it cannot create a chain of inferences long enough to reach the conclusion that Subaru told Wheeler it would not solve his problem.

8

suit notice is required for his underlying claim for breach of warranty. As discussed above, the Court concludes that Wheeler did not provide adequate notice, so this derivative claim must also be dismissed.[4]

### III. Magnuson-Moss Warranty Act

Wheeler concedes that if his underlying state law breach of express warranty claim is dismissed, the claim under the Magnuson-Moss Warranty Act, 15 U.S.C § 2301, *et seq.*, must also be dismissed. Accordingly, the Court grants Subaru's motion to dismiss this claim.

### IV. Unjust Enrichment

The Complaint also pleads in the alternative that the breach of warranty amounts to unjust enrichment for Subaru. Subaru argues that the Warranty provides an adequate legal remedy, so Wheeler cannot bring an alternative equitable claim and his unjust enrichment claim must be dismissed. *Drobnak* is instructive on this issue. In *Drobnak*, after the Eighth Circuit determined that the breach of express warranty claim should be dismissed for failure to provide pre-suit notice, it affirmed dismissal of the plaintiff's unjust enrichment claim. *Drobnak*, 561 F.3d at 787. The "plaintiffs would have had an adequate legal remedy against [the defendant] if they had adhered to the statutory notice . . . . The district court thus properly dismissed the claim for equitable relief." *Id.*

---

[4] Because the Court determines that the claim is dismissed for lack of pre-suit notice, it does not reach Subaru's alternative argument that the claim does not provide a public benefit under the Private Attorney General Statute. *See Ly v. Nystrom*, 615 N.W.2d 302, 310 (Minn. 2000).

9

(citing *SeviceMaster of St. Cloud v. GAB Bus. Servs., Inc.*, 544 N.W.2d 302, 305 (Minn. 1996) (barring equitable recovery for failure to follow statutory or constitutional requirements to perfect a mechanic's lien)). Here, Wheeler failed to comply with the statutory pre-suit notice, so his equitable claim for unjust enrichment must also be dismissed.

V. **Declaratory Judgment**

The Complaint brings a claim in the alternative for a declaration that the Crosstrek paint is defective and the defect is covered by the Warranty. Subaru argues the relief requested for this claim would have the same effect as a judgment on the merits of Wheeler's claim for breach of warranty and is therefore duplicative. *See MASTR Asset Backed Sec. Tr. 2006-HE3 ex rel. U.S. Bank Nat'l Ass'n v. WMC Mortg. Corp.*, 843 F. Supp. 2d 996, 1001 (D. Minn. 2012) (dismissing a declaratory judgment request because asking for a declaration that the contract was breached was duplicative of a breach of contract claim). The Court agrees, and as such, grants Subaru's motion to dismiss this claim.

VI. **Dismissal Without Prejudice**

Subaru moved to dismiss all the claims in the Complaint with prejudice. Motions to dismiss "are generally without prejudice[] where there is no evidence of persistent pleading failures." *Finnegan v. Suntrust Mortg.*, 140 F. Supp. 3d 819, 832 (D. Minn. 2015) (citation and quotation marks omitted). Subaru argues the Complaint meets the requirements for dismissal with prejudice because Wheeler had a chance to amend his pleadings after Subaru moved to dismiss the original complaint and he failed to do so.

Instead of responding to the motion to dismiss the original complaint, Wheeler filed the Complaint under an agreement with Subaru. As such, the Court has never weighed in on any pleading failures and it is unclear that Wheeler would be unable to cure the identified failure. The Court will grant the motion to dismiss without prejudice.

## CONCLUSION

Based on the foregoing and on all the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1. Defendant's motion to dismiss (ECF No. 25) is GRANTED; and

2. Plaintiff's claims are DISMISSED WITHOUT PREJUDICE.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: April 1, 2020 　　　　　　　　　　　BY THE COURT:

　　　　　　　　　　　　　　　　　　　　　s/Nancy E. Brasel
　　　　　　　　　　　　　　　　　　　　　Nancy E. Brasel
　　　　　　　　　　　　　　　　　　　　　United States District Judge